UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TERRAL R. LEWIS, SR., <br><br> Plaintiff, <br><br> v. <br><br> FAIRMONT MEMORIAL ASSOCIATION, <br><br> Defendant. | NO: 2:14-CV-296-RMP <br><br> ORDER DISMISSING ACTION |

By Order filed October 27, 2014, the Court advised Plaintiff of the deficiencies of his complaint and directed him to amend or to voluntarily dismiss within sixty (60) days, ECF No. 8.  Specifically, Plaintiff had failed to state how persons acting under color of state law violated his constitutionally protected rights under 42 U.S.C. § 1983.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  After liberally construing the First Amended Complaint, ECF No. 10, in the light most favorable to Plaintiff, the Court finds that it fails to cure the deficiencies of the initial complaint.

ORDER DISMISSING ACTION -- 1

It appears that Plaintiff is attempting to bring a claim of racial discrimination under Title VII of the Civil Rights Act of 1964, 42 USC § 2000e-2(a), against his former employer.  Plaintiff, however, has failed to state that he has received a "right to sue letter" from the Equal Employment Opportunity Commission ("EEOC") authorizing him to file this action.

Plaintiff asserts, "the reason why I didn't make a complaint in a timely matter [sic] is because of [sic] my boss stated that I could not do anything about what happen [sic] and he stated just to leave it alone. So I did in tell [sic] I got to a law library and found out that I had the right to do so that's why I did this so late he made it sound like nothing would be done in this matter he told me I was [illegible]."  Assuming Plaintiff's reasons might excuse the untimely filing of an administrative charge with either the EEOC or the Washington State Human Rights Commission, Plaintiff has failed to show that he actually filed an administrative charge as required by 42 U.S.C. § 2000e-5(e)(1).

Although granted the opportunity to do so, Plaintiff has not satisfied "the jurisdictional prerequisites to a federal action (i) by filing timely charges of employment discrimination with the Commission and (ii) by receiving and acting upon the Commission's statutory notice of the right to sue, 42 U.S.C. §§ 2000e—5(a) and 2000e—5(e)." *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798 (1973).  In the absence of exhausted administrative remedies, this Court lacks

ORDER DISMISSING ACTION -- 2

subject matter jurisdiction to hear Plaintiff's racial harassment claims. *See B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002). Therefore, **IT IS ORDERED** that this action is **DISMISSED** for want of subject matter jurisdiction.

The District Court Executive is directed to enter this Order, enter judgment, forward copies to Plaintiff at his last known address, and close the file.

**DATED** this 6th day of January 2015.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Chief United States District Court Judge